**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000527
30-MAY-2025
08:01 AM
Dkt. 40 MO**

NO. CAAP-22-0000527

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM D.A. FEARS, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DSD-22-0000001)

MEMORANDUM OPINION
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

Petitioner-Appellant William D.A. Fears (**Fears**) appeals from the Findings of Fact, Conclusions of Law, Decision and Order Affirming Administrative Revocation and Dismissing Appeal (**Decision and Order**), entered on August 3, 2022, in the District Court of the Third Circuit, North and South Kona Division (**District Court**).[1]  The Decision and Order affirmed the decision of Respondent-Appellee Administrative Director of the Courts (**Director**), which in turn affirmed the decision of the Administrative Driver's License Revocation Office (**ADLRO**) revoking Fears's driver's license for a two-year period.

For the reasons explained below, we reverse.

## I.  Background

On August 2, 2020, Fears was arrested for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), pursuant to

---

[1]  The Honorable Jill M. Hasegawa presided.

Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2019). The arresting officer issued a Notice of Administrative Revocation of Fears's driver's license.

On August 6, 2020, the ADLRO issued a Notice of Administrative Review Decision, which sustained the revocation of Fears's license for a two-year period from September 2, 2020, to September 1, 2022. The same day, Fears made a timely Request for an administrative hearing to dispute the revocation.

The ADLRO scheduled the administrative hearing for August 20, 2020, to be held telephonically due to the COVID-19 pandemic. From August 20, 2020, through March 18, 2021, the ADLRO scheduled four telephonic hearings, all of which were continued when Fears objected to participating in a telephonic hearing and requested an in-person hearing on Hawaiʻi Island. On March 18, 2021, the hearing was continued to May 24, 2021.

On April 20, 2021, the ADLRO's Chief Adjudicator emailed Fears's counsel and others, informing them that "[t]he ADLRO will reopen on May 3, 2021[,]" and "[e]ffective May 3, 2021, all hearings will be conducted by Zoom . . . ." The email recipients were further informed that "[i]f you request an in-person hearing, you must provide a reason why a Zoom hearing would be inadequate[,]" and "[a]ll requests will be reviewed by your Hearing Officer."

On April 21, 2021, Fears's counsel "object[ed] to ADLRO hearings being conducted via video and request[ed] 'in person' hearings for all cases unless otherwise specified by our office."

As to Fears, from May 24, 2021, through January 19, 2022, the ADLRO scheduled five hearings to be held via Zoom, all of which were continued when Fears objected to participating in a Zoom hearing and requested an in-person hearing on Hawaiʻi Island. On January 19, 2022, the hearing was continued to February 24, 2022.

On February 23, 2022, Fears filed a Motion to Rescind License Revocation for Failure to Conduct an Expeditious Hearing. He argued, among other things, that the use of Zoom and telephonic hearings deprived him of his due process rights.

On February 24, 2022, the hearing was held via Zoom as previously scheduled. Fears's motion to rescind was denied, and the ADLRO hearing officer proceeded with the hearing. Fears declined to participate in the hearing. He stated his "position that the Zoom hearings are illegal[,]" and "ask[ed] that the matter be concluded today so that we could . . . appeal the items." Fears further stated, "[W]e're not submitting that the revocation is appropriate here in any way." The hearing officer concluded the hearing and took the matter under advisement.

On March 2, 2022, the Director, through the hearing officer, issued a Notice of Administrative Hearing Decision, which affirmed the ADLRO's August 6, 2020 Notice of Administrative Review Decision and amended the revocation end date to March 18, 2023.[2] The hearing officer's Decision (**ADLRO Decision**) was also issued on March 2, 2022. The hearing officer concluded in relevant part that "[t]he intent of HRS § [2]91E-38(b)[3] was to assure Respondent's ability to attend a hearing 'as close to the location where the notice of administrative revocation was issued **as practical**[.]'" (Footnote added.) The

---

[2] The revocation end date was so amended to reflect the extension of Fears's temporary driver's permit from September 2, 2020, to March 18, 2021. Although the revocation end date was March 18, 2023, the "capable of repetition, yet evading review" exception to the mootness doctrine applies to this appeal. See Slupecki v. Admin. Dir. of the Courts, 110 Hawaiʻi 407, 409 n.4, 133 P.3d 1199, 1201 n.4 (2006).

[3] HRS § 291E-38 (Supp. 2019) provides, in relevant part:

> **Administrative hearing; procedure; decision.** (a) If the director administratively revokes the respondent's license and privilege to operate a vehicle after the administrative review, the respondent may request an administrative hearing to review the decision within six days of the date the administrative review decision is mailed. If the request for hearing is received by the director within six days of the date the decision is mailed, the hearing shall be scheduled to commence no later than:
>
> > (1) Twenty-five days from the date the notice of administrative revocation was issued in a case involving an alcohol related offense[.]
>
> . . . .
>
> The director may continue the hearing only as provided in subsection (j).
>
> (b) The hearing shall be held at a place designated by the director, as close to the location where the notice of administrative revocation was issued as practical.

hearing officer reasoned:

> The plain language of the statute makes no mention of whether the hearing need be in person, telephonic, or by Zoom. In fact, a Zoom hearing clearly satisfies the plain meaning of the statute, as it is held at a place as close to the location where the notice of administrative revocation was issued. Most often, a Zoom hearing is held in the Respondent's home in the county where the administrative revocation was issued. The statute does not account for the fact that the hearing can actually take place in multiple locations due to the advancement of technology. During the COVID pandemic, Zoom hearings became more than just what was deemed "practical"; Zoom hearings became a vital necessity to protect the health and safety of all parties.

The hearing officer further determined that there was reasonable suspicion to stop Fears, there was probable cause to arrest him, and "[t]he evidence prove[d] by a preponderance" that Fears operated a vehicle under the influence of an intoxicant.

On March 22, 2022, Fears filed a Petition for Judicial Review (**Petition**) in the District Court, requesting that the court reverse the ADLRO Decision. Fears contended that "(1) the ADLRO did not have the authority to conduct hearings via telephone or other electronic means, (2) even if the ADLRO did have authority to conduct hearings via telephone or other electronic means, those procedures d[id] not satisfy due process, and (3) the ADLRO did not have good cause to support nine continuances, thereby denying [Fears] an expeditious hearing."

The District Court heard the Petition on May 3, 2022, and entered the Decision and Order on August 3, 2022. In affirming the ADLRO Decision, the court concluded in part:

> 4. HRS § 291E-38 grants [the Director] the authority to designate a location that is a[s] close *as practical* to the location where the notice of administrative revocation was issued.
>
> 5. Under the circumstances present in this case, Zoom hearings were practical during the majority of time that Petitioner's case was pending.
>
> 6. [The Director] did not violate [Fears's] due process rights by holding a Zoom, rather than in-person, hearing.
>
> 7. By interpreting HRS § 291E-38's provisions to allow Zoom, rather than in-person, hearings during the COVID-19 Pandemic:
>
> > a. [The Director] did not exceed constitutional or statutory authority;

4

      b.      [The Director] did not erroneously interpret the law;

      c.      [The Director] did not act in an arbitrary or capricious manner;

      d.      [The Director] did not commit an abuse of discretion; and

      e.      [The Director] did not make a determination that was unsupported by the evidence in the record.

The District Court further concluded that "[Fears] waived any argument or objection that could have been raised regarding the existence of facts sufficient to support the conclusion that [Fears] committed OVUII[.]"

      This secondary appeal followed. Fears contends that the District Court erred: (1) "in holding that the ADLRO had the authority to conduct administrative revocation hearings via Zoom"; and (2) in affirming the revocation of Fears's license, "where the ADLRO violated his right to an expeditious hearing."

## II.  Discussion

      Our review of the District Court's Decision and Order is a secondary appeal; we must determine whether the District Court was right or wrong in its review of the ADLRO Decision. Wolcott v. Admin. Dir. of the Courts, 148 Hawaiʻi 407, 413, 477 P.3d 847, 853 (2020) (quoting Freitas v. Admin. Dir. of the Courts, 108 Hawaiʻi 31, 43, 116 P.3d 673, 685 (2005)). In turn, "HRS § 291E-40[4/] governs judicial review by the district court of

---

    [4/]    HRS § 291E-40 (2007) provides, in relevant part:

      (c)    The sole issues before the court shall be whether the director:

      (1)    Exceeded constitutional or statutory authority;

      (2)    Erroneously interpreted the law;

      (3)    Acted in an arbitrary or capricious manner;

      (4)    Committed an abuse of discretion; or

      (5)    Made a determination that was unsupported by the evidence in the record.

      (d)    The court shall not remand the matter back to the director for further proceedings consistent with its order.

5

an administrative revocation of a driver's license by the Director." Id. (bracketed material omitted; footnote number altered) (quoting Freitas, 108 Hawaiʻi at 43, 116 P.3d at 685).

As to Fears's first point of error, he argues that the District Court erred in affirming the ADLRO Decision under HRS § 291E-40, where the ADLRO had no authority to conduct administrative revocation hearings via Zoom and "did so in derogation of Fears's [constitutional] right to due process." Relatedly, Fears contends that he had "a due process right to an in-person hearing on his license revocation[.]"

Fears's statutory argument — that HRS § 291E-38 did not authorize the ADLRO to conduct the February 24, 2022 hearing via Zoom — is dispositive. "The interpretation of a statue is a question of law that this court reviews de novo." Farmer v. Admin. Dir. of the Courts, 94 Hawaiʻi 232, 236, 11 P.3d 457, 461 (2000) (citing Konno v. Cnty. of Hawaiʻi, 85 Hawaiʻi 61, 71, 937 P.2d 397, 407 (1997)).

> Moreover, where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning. When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

Id. (quoting Konno, 85 Hawaiʻi at 71, 937 P.2d at 407).

HRS § 291E-38(b) provides that the administrative hearing to review the director's revocation of a driver's license "shall be held at a place designated by the director, as close to the location where the notice of administrative revocation was issued as practical." Because HRS chapter 291E does not define "place" or "location," we turn to their common definitions. See HRS § 1-14; Wells Fargo Bank, N.A. v. Omiya, 142 Hawaiʻi 439, 449-50, 420 P.3d 370, 380-81 (2018). Merriam-Webster provides multiple definitions of "place," the first and seemingly most relevant being "physical environment: SPACE." Place, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/place. "Location" is defined in the first instance as "a position or site occupied or available for occupancy or marked

6

by some distinguishing feature: SITUATION." <u>Location</u>, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/ dictionary/location. In context with the term "location," the term "place" in HRS § 291E-38(b) refers to a physical space or site, meaning that the administrative review hearing must be held at a physical space or site designated by the director, "as close to the [site] where the notice of administrative revocation was issued as practical." Thus, the plain language of HRS § 291E-38(b) does not authorize the director to designate the place of an administrative review hearing as two or more remote locations connected via videoconference or other electronic means.[5/]

The Director, relying on the phrase "as practical," argues that "[t]he location requirement is not one of absolutes, but of practicality." Practicality is not a substitute for statutory authorization. Here, the operative terms of HRS § 291E-38(b) contemplate a physical space or site for the administrative review hearing. The Director further argues that the legislature amended HRS § 291E-38(b) as recently as 2021, but chose not to add a requirement that all hearings be conducted in-person. This fact actually works against the Director's position, given the plain language of the existing statute. <u>See</u> <u>supra</u> note 3.

That said, during a defined period of the COVID-19 pandemic, the Governor suspended certain laws pursuant to statutory authority. As relevant here, on April 25, 2020, the

---

[5/] Indeed, the ADLRO hearing officer appeared to acknowledge this plain language reading of the statute, as follows: "The statute does not account for the fact that the hearing can actually take place in multiple locations due to the advancement of technology."

Had the legislature intended, it could have expressly provided for such hearings to be held via videoconference or other electronic means. <u>See, e.g.</u>, <u>Lanai Co. v. Land Use Comm'n</u>, 105 Hawaiʻi 296, 318, 97 P.3d 372, 394 (2004) ("If the legislature intended to grant the LUC enforcement powers, it could have expressly provided the LUC with such power."); <u>Morgan v. Plan. Dep't, Cnty. of Kauai</u>, 104 Hawaiʻi 173, 188, 86 P.3d 982, 997 (2004) (ruling that if the legislature had intended to grant the commission injunctive powers, it would have done so expressly). For example, HRS § 291E-38(g) expressly gives the director discretion to allow certain witnesses who cannot appear at the administrative review hearing to testify by telephone. <u>See</u> HRS § 291E-38(g) ("If the officer or other person cannot appear, the officer or other person at the discretion of the director, may testify by telephone.") No similar provision permits the director to designate the place of the hearing as multiple locations connected via videoconference or other electronic means.

Governor issued the Sixth Supplementary Proclamation Amending and Restating Prior Proclamations and Executive Orders Related to the COVID-19 Emergency (**Sixth Supplementary Proclamation**), which suspended HRS chapter 91, administrative procedure, and further stated:

> Administrative hearings not subject to Chapter 91, [6] to the extent necessary such that, at the sole discretion of the department o[r] agency, any such hearing may be conducted by telephone or video conference without the parties, department, or agency, being physically present in the same location; any deadlines may be waived or suspended; and any hearing procedures, such as, but not limited to, conferences, filing of documents, or service, may be done via telephone or email.

Sixth Supplementary Proclamation 17, (footnote added), https://dod.hawaii.gov/hiema/sixth-supplementary-proclamation/; see Kernan v. Tanaka, 75 Haw. 1, 28 n.15, 856 P.2d 1207, 1221 n.15 (1993) (describing ADLRO as an "administrative agency"). The above quoted language was restated periodically through the issuance of the Governor's Twenty-First Proclamation Related to the COVID-19 Emergency (**Twenty-First Proclamation**), dated June 7, 2021. Twenty-First Proclamation, https://governorige.hawaii.gov/gov/wp-content/uploads/2021/06/2106080-ATG_21st-Emergency-Proclamation-for-COVID-19-distribution-signed.pdf. The Twenty-First Proclamation remained in effect through August 6, 2021. Id. at 35. Thus, it appears that ADLRO hearings conducted by video conference, *i.e.*, Zoom, during the period from April 25, 2020, through August 6, 2021, were authorized pursuant to the Governor's applicable emergency proclamations.

Here, however, neither the Governor's emergency proclamations nor HRS § 291E-38 authorized the ADLRO to conduct the February 24, 2022 administrative review hearing in multiple locations via Zoom, when Fears objected to this procedure. The Director therefore erred in concluding that the ADLRO was authorized to conduct the February 24, 2022 hearing via Zoom.

---

[6] ADLRO hearings are not subject to HRS chapter 91. See HRS § 291E-43 (2007) ("Neither the administrative review nor the administrative hearing provided under this part shall be subject to the contested case requirements of chapter 91.").

We need not address Fears's other arguments regarding the deficiencies of the ADLRO Decision and the District Court's Decision and Order.  See Villarreal v. Admin. Dir. of the Courts, No. CAAP-18-0000622, 2021 WL 1986560, at *3 (Haw. App. May 18, 2021) (SDO) (reversing a district court order affirming the administrative revocation of a driver's license where the ADLRO hearing officer exceeded statutory authority and erroneously interpreted the law).

For the reasons discussed above, the Findings of Fact, Conclusions of Law, Decision and Order Affirming Administrative Revocation and Dismissing Appeal, entered on August 3, 2022, in the District Court of the Third Circuit, North and South Kona Division, is reversed.

DATED:  Honolulu, Hawai'i, May 30, 2025.


On the briefs:

Alen M. Kaneshiro
for Petitioner-Appellant.

Christopher J.I. Leong,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge


/s/ Karen T. Nakasone
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge